Jason Sheasby (SBN 205455)
JSheasby@irell.com
H. Annita Zhong (SBN 266924)
HZhong@irell.com
Andrew Strabone (SBN 301659)
AStrabone@irell.com
Michael Tezyan (SBN 334915)
MTezyan@irell.com
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

*Attorneys for Plaintiff Netlist, Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NETLIST, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>KINGSTON TECHNOLOGY CORPORATION, KINGSTON TECHNOLOGY COMPANY, INC., KINGSTON DIGITAL, INC., KINGSTON TECHNOLOGY FAR EAST CORP., KINGSTON SOLUTIONS, INC., KINGSTON TECHNOLOGY CO., LTD., AND KINGSTON TECHNOLOGY (SHANGHAI) CO.<br><br>Defendants. | Case No. 8:26-cv-3262 CAS (ADSx)<br><br>**RESPONSE TO DEFENDANTS KINGSTON TECHNOLOGY CORPORATION AND KINGSTON TECHNOLOGY COMPANY, INC.'S NOTICE OF RELATED CASES PURSUANT TO L.R. 83-1.3.1.** |

Plaintiff Netlist, Inc. ("Netlist") hereby provides its response to Kingston Technology Corporation and Kingston Technology Company, Inc.'s ("Kingston")[1] notice of related cases. Netlist agrees to assignment of this Action to the Honorable Mónica Ramírez Almadani, who is currently presiding over *Netlist, Inc. v. Kingston Technology Corporation*, No. 8:26-cv-03047-MRA-KES (C.D. Cal. filed Oct. 16, 2026) (the "-3047 Action"). Netlist appreciates that assignment of these two cases to the same judge would promote judicial efficiency. Netlist, however, disagrees that these two cases "call for determination of the same or substantially related or similar questions of law and fact." Dkt. 8 at 2. The two actions involve different patents from different patent families. This Action involves four Netlist patents: U.S. Pat. Nos. 10,025,731 (the "'731 Patent"), 12,675,407 (the "'407 Patent"), 11,200,120 (the "'120 Patent"), and 11,914,481 (the "'481 Patent"). The -3047 Action involves two different Netlist patents: U.S. Pat. Nos. 12,373,366 (the "'366 Patent") and 12,762,074 (the "'074 Patent"). The '366 and '074 Patents are not in the same patent family as any patent at issue in this case. *See id.*, Dkt. 1 ¶¶ 19, 23.

The two actions also involve different products that operate in different ways. The patents in this Action are asserted against solid state drives ("SSDs") and DDR5 registered dual in-line memory modules ("RDIMMs") only, which are primarily used in computer servers. Dkt. 1 ¶¶ 61, 80, 105, 123. For background, SSDs contain NAND memory, a type of non-volatile memory used for long-term data storage. In contrast, a dual in-line memory module ("DIMM") includes DDR5 DRAMs and supporting components, with DRAM being a form of volatile memory that stores information temporarily. NAND and DRAM have different architectures, different operating speeds and different communication protocols. There are also unregistered DIMMs, such as unbuffered DIMMs ("UDIMMs") and small-outline ("SODIMMs"), which are primarily used in laptops and desktops, and are accused only in the -3047 Action.

---

[1] Netlist notes that only two Kingston entities appear to have joined in the notice of related cases, and that Kingston is not requesting consolidation of the two actions.

The '120 and '481 Patents are asserted against Kingston's SSDs, which are not at issue in the -3047 Action. Dkt. 1 ¶¶ 105, 123. The '731 and '407 Patents are asserted against specific features of Kingston's DDR5 RDIMMs: among other things, error correction circuits such as on-die termination ("ODT") and decision feedback equalization ("DFE") circuitry on Kingston's DDR5 RDIMMs in addition to a control circuit that can dynamically control impedance values associated with ODT ('731 Patent), and local clock signals, each sent to a particular group of DRAMs and having its own programmable phase relationship with the system clock ('407 Patent). *See, e.g.*, Dkt. 1 ¶¶ 68-73, 88-93. These features are not relevant to the two patents asserted in the -3047 Action. The '366 and '074 Patents are asserted against DDR5 UDIMMs, DDR5 SODIMMs, and DDR5 RDIMMs, and require examination of the structure and operation of their on-module power-management integrated circuits, referred to as "PMICs" as well as the related voltage regulation—features not at issue here. *See, e.g.*, -3047 Action, Dkt. 1 ¶¶ 33, 42, 54-67, 76, 84-86.

This lack of technical overlap will require the Court to determine claim construction issues unique to each set of patents. It also means these two actions do not "present common questions about Defendants' defenses" as Kingston asserts because both will involve different invalidity and non-infringement arguments.[2] The pre-suit allegations of knowledge and willfulness are also patent-specific. *Compare, e.g.*, Dkt. 1 ¶¶ 58, 73, 103, 121 *with* -3047 Action, Dkt. 1 ¶¶ 74, 96.

The defendants in the two actions are also different, reflecting the different product offerings in the cases. For example, Kingston Digital Inc. is a named defendant in this Action because it is the entity apparently responsible for Kingston's NAND-based products, such as the accused SSDs. Dkt. 1 ¶¶ 5, 49-50. The -3047

---

[2] For example, previous IPRs filed against the '366 and '731 Patents involved different prior art combinations. *Compare, e.g.*, *Samsung Elecs. Co. v. Netlist, Inc.*, IPR2026-00018, Paper 1, at 4 (PTAB Nov. 7, 2025), *with Samsung Elecs. Co. v. Netlist, Inc.*, IPR2025-01431, Paper 1, at 3 (PTAB Aug. 29, 2025).

Action, however, does not involve NAND-based products. This Action also involves four foreign Kingston entities with various roles in Kingston's supply chain for the accused products at issue in this Action. Dkt. 1 ¶¶ 10, 14.

For the same reasons, Kingston's contention that "[d]iscovery in the two actions will overlap substantially" is incorrect. Dkt. 8 at 2. There is likely to be little overlap in technical discovery between the two cases because the cases involve different patents and there is not complete overlap in accused products across both cases. While DDR5 RDIMMs are at issue in both cases, the patents in each case cover distinct features of those products, and implicate distinct third-party components on the accused products, or distinct functions of such components. For example, the -3047 Action implicates the PMICs on Kingston's DDR5 RDIMMs, which are not at issue in this Action, and would require discovery from Kingston's third-party PMIC suppliers. Kingston's apparent concerns about inconsistent rulings on discovery issues can be addressed by having both cases assigned to Judge Ramírez Almadani.

These cases will also proceed under different timelines: Netlist recently filed a complaint at the International Trade Commission ("ITC") asserting the patents in this Action against the same Kingston entities named in this Action. *See Certain Dynamic Random Access Memory (DRAM) Devices and NAND Flash Memory Devices, Products Containing the Same, And Components Thereof*, Dkt. 3946, Complaint ¶¶ 11, 13-14 (Nov. 4, 2026). If the ITC institutes an investigation, as currently expected, Kingston would be permitted to seek an automatic stay of this Action with respect to the patents also asserted at the ITC until the Commission's determination becomes final. *See* 28 U.S.C. § 1659 ("In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding

before the Commission."). However, the '366 and '074 Patents asserted in the -3047 Action are not being asserted at the ITC against Kingston, and therefore would not be subject to a stay under 28 U.S.C. § 1659.

Dated: November 16, 2026

*/s/ Andrew Strabone*

Jason Sheasby (SBN 205455)
JSheasby@irell.com
H. Annita Zhong (SBN 266924)
HZhong@irell.com
Andrew Strabone (SBN 301659)
AStrabone@irell.com
Michael Tezyan (SBN 334915)
MTezyan@irell.com
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Attorneys for Plaintiff Netlist, Inc.